IN THE CIRCUIT COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

STEVEN G. GENEVISH and
BEVERLY H. GENEVISH,

      Plaintiffs,

v.

WELLS FARGO BANK, N.A.,
EQUIFAX INC.,
TRANSUNION, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC ,

      Defendants
_____/

CASE NO.

DIVISION  13 000856

 DIVISION A

## COMPLAINT

Plaintiffs, Steven G. Genevish and Beverly H Genevish, ("Plaintiff"), by and through their undersigned counsel, sue Defendants, Wells Fargo Bank, N.A , Equifax Inc., Transunion and Experian, and allege as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages exceeding $5,000.00 but less than $15,000.00, exclusive of attorneys' fees, interest, and court costs.

2.    Plaintiffs are residents of Hillsborough County, Florida.

3    Wells Fargo Bank, N.A. ("Wells Fargo") is a national association licensed to do business in Florida

4.    That Equifax, Inc. ("Equifax") is a Georgia corporation doing substantial business in Florida

5.    That TransUnion, LLC ("TransUnion") is an Illinois corporation doing substantial business in Florida.

6       That Experian Information Solutions, Inc. ("Experian") is a California corporation doing substantial business in Florida.

7.      The Court has jurisdiction of this matter pursuant to Florida Statute 48 193(1)(a) because Wells Fargo operates, conducts and engages in substantial business in this county and state

8.      Venue is proper in this judicial circuit in that the actions and violations alleged herein occurred, at least in part, in this county, and the Defendants do substantial business in this county.

## GENERAL ALLEGATIONS

9.      At all times relevant hereto, Wells Fargo was a creditor and provider of credit information as defined in Florida Statute § 559.55(6).

10.     Plaintiffs were the owners of certain real property commonly described as 860 Peachtree Street NE, Unit 1018, Atlanta, Georgia 30308

11      Said real estate served as the collateral for two mortgages with Wells Fargo

12.     The Plaintiffs obtained approval from Wells Fargo to short sale their property. Attached hereto as Plaintiffs' Exhibits "A" and "B" are the approval letters on the first mortgage (Loan No. 708/0055087837) and second mortgage (Loan No. 83765000936881998), respectively.

13.     Pursuant to the July 19, 2010 short sale approval letter issued by Wells Fargo on the first mortgage (Exhibit "A"), Wells Fargo stated that upon receipt of the sale proceeds and all settlement documentation, they would notify the credit bureau to reflect "agreed settlement short of full payment "

14     Pursuant to the August 19, 2010 short sale final approval letter issued by Wells Fargo on the second mortgage (Exhibit "B"), Wells Fargo stated that "upon satisfaction of all of the above conditions other than borrower's payment of the shortfall amount, Wells Fargo will Release its mortgage or deed of trust (the release is not contingent upon satisfaction of shortfall amount; Accurately report this short sale transaction regarding your account to the credit bureaus to whom Wells Fargo reports consumer account information to."

15     The short sale closed on August 26, 2010.  Attached hereto as Exhibit "C" is a copy of the HUD-1 Settlement Statement

16.     Unlike many homeowners, the Plaintiffs were current in their monthly mortgage payments due on the first and second mortgages at the time they closed on the sale of their property.

17.     That on September 10, 2010, Wells Fargo Servicing Center sent Plaintiffs a letter stating that due to the severe delinquency of their account, it has been charged off and the entire balance has been accelerated.  In addition, Wells Fargo stated that it reported the account as charged off to the credit reporting agencies to which they report.  A copy of said letter is attached hereto as Exhibit "D"

18.     That according to Steven G. Genevish's credit report issued by Equifax on February 8, 2011, the Wells Fargo first mortgage account was reported as "over 120 days past Due".  A copy of said report is attached hereto as Exhibit "E".

19.     That according to Beverly Genevish's credit report issued by TransUnion on February 1, 2011, the Wells Fargo Line of Creditor Account was reflected as "Charged off as bad debt, $39,091 past due "  In addition, the Wells Fargo first mortgage was reported as

"Foreclosure, collateral sold" and maximum delinquency of 90+ days having occurred in 11/2010. A copy of said report is attached hereto as Exhibit "F".

20      That on March 18, 2011, Beverly Genevish received correspondence from TransUnion indicating that their investigation of the dispute was complete and that the information regarding the second mortgage was "verified, no change". The information regarding the first mortgage was corrected. A copy of the correspondence is attached hereto as Exhibit "G".

21      That according to the same credit report, the Wells Fargo second mortgage account was reflected as "Charge off" and late for the months of 11/2010 and 10/2010.

22.     That according to Steven G Genevish's credit report issued by TransUnion on January 7, 2011, the Wells Fargo first mortgage account was reported as "120 days past due" and "foreclosure, collateral sold." It was also reported that the maximum delinquency of 90+ days occurred in 11/2010. A copy of said report is attached hereto as Exhibit "H"

23.     That on February 16, 2011, the Plaintiffs received letters from Wells Fargo stating that their dispute regarding the accuracy of information reported by Wells Fargo on the first mortgage to the credit-reporting agency had been investigated and that the result of the investigation was that the information they reported was accurate. A copy of said letters is attached hereto as Group Exhibit "I".

24.     That on March 4, 2011, the Plaintiffs received correspondence from Wells Fargo stating that their dispute regarding the accuracy of information reported by Wells Fargo on the second mortgage to the credit-reporting agency had been investigated and that the result of the investigation was that the information they reported was accurate. A copy of said letters is attached hereto as Group Exhibit "J".

25.     On April 13, 2011, Beverly Genevish received correspondence from Wells Fargo stating that their dispute regarding the accuracy of information reported by Wells Fargo on the second mortgage had been investigated and that the result of the investigation was that the information they reported was accurate   A copy of said letter is attached hereto as Exhibit "K"

26.     On July 7, 2011. Plaintiffs sent a dispute letter to Wells Fargo disputing how Wells Fargo was reporting the status of the two mortgage accounts to the three credit bureaus. A copy of said dispute letter is attached hereto as Exhibit "L"

27     On July 8, 2011. Plaintiffs, through counsel, sent a dispute letter to Wells Fargo Home Equity disputing how Wells Fargo was reporting the status of the second mortgage to the three credit bureaus.  A copy of said dispute letter is attached hereto as Exhibit "M".

28.     On July 20, 2011, the Plaintiffs received correspondence from Wells Fargo stating that their dispute regarding the accuracy of information reported by Wells Fargo on the second mortgage had been investigated and that the result of the investigation was that the information they reported was accurate.  A copy of said letters is attached hereto as Group Exhibit "N".

29.     On October 3, 2011, the Plaintiffs received correspondence from Wells Fargo stating that their dispute regarding the accuracy of information reported by Wells Fargo on the second mortgage had been investigated and that the result of the investigation was that the information they reported was accurate.  A copy of said letters is attached hereto as Group Exhibit "O".

30.     On April 26, 2012, Plaintiffs, through counsel, sent a dispute letter to Wells Fargo Bank, N A. Corporate Offices regarding how the second mortgage account was being reported to the three Credit Bureaus.  A copy of said dispute letter is attached hereto as Exhibit "P".

31.     Plaintiffs received a confirmation letter from Wells Fargo dated May 3, 2012 stating that the inquiry was being reviewed and that the findings of the inquiry would be made by May 16, 2012. A copy of said letter is attached hereto as Exhibit "Q"

32      On May 4, 2012, the Plaintiffs received correspondence from Wells Fargo stating that their dispute regarding the accuracy of information reported by Wells Fargo on the second mortgage had been investigated and that the result of the investigation was that the information they reported was accurate. A copy of said letters is attached hereto as Group Exhibit "R".

33.     According to Beverly H. Genevish's credit report issued by TransUnion on June 11. 2012, the Wells Fargo first mortgage account was reported as "account 120 days past due", and "maximum delinquency of 120 days occurred in 08/2010." The second mortgage account was reported as "account paid in full; was a charge off". A copy of said credit report is attached hereto as Exhibit "S".

34.     That on December 27, 2011, Plaintiffs', through counsel, sent dispute letters to Experian, TransUnion and  Equifax Credit seeking to correct the manner in which the Wells Fargo Home Equity Line of Credit was reflected on the Plaintiffs' credit reports  A copy of said correspondence is attached hereto as Group Exhibit "T".

35.     That on January 23, 2012, Plaintiffs received correspondence from TransUnion that their investigation was complete  and that information was changed on the second mortgage to reflect "Line of Credit Account"  "Last payment 3/17/2011" and "Account paid in Full; was a Charge-off". The first mortgage information was changed to reflect "Pay Status: Account 120 days past due"  A copy of said correspondence is attached hereto as Group Exhibit "U".

36.     On June 29, 2012, Plaintiffs received correspondence from TransUnion stating that their investigation was complete and that new information on the first mortgage was being

6

reflected as "Pay Status· Account 120 days past due".  A copy of said correspondence is attached hereto as Group Exhibit "V".

**Count I**
**Violation of the Fair Credit Reporting Act**

37.     Plaintiff incorporates Paragraphs 1 though 36 as though fully set forth herein.

38     This is an action against Wells Fargo for violation of the Fair Credit Reporting Act.

39     Wells Fargo violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiffs' dispute regarding the disputed accounts; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every credit reporting bureau; and by failing to permanently and lawfully correct its own records to prevent the re-reporting of the disputed account to the consumer reporting bureaus

40     As a result of this conduct and inaction of Wells Fargo, Plaintiffs have suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional anguish, humiliation and embarrassment associated with the erroneous credit information

41.     Wells Fargo's conduct, action and inaction was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

42     Plaintiff is entitled to recover costs and attorney's fees from Wells Fargo in an amount to be determined by the Court pursuant to 15 U S C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiffs, Steven G. Genevish and Beverly H. Genevish, request judgment against Wells Fargo for the following due to its violations of the Fair Credit Reporting Act:

7

(a)     Statutory damages,

(b)     Actual damages;

(c)     Punitive damages;

(d)     Attorneys' fees and costs;

(e)     Deletion of the incorrect account information from the credit reports, and

(f)     Any further relief that this Court deems just and proper

## Count II
## Defamation

43.     Plaintiff incorporates Paragraphs 1 though 36 as though fully set forth herein

44.     This is an action against Wells Fargo for defamation

45.     Wells Fargo published the negative and incorrect information regarding the disputed accounts to the credit reporting bureaus and through the credit reporting bureaus to Plaintiff's potential lenders on multiple occasions.

46.     As a result of this conduct and inaction of Wells Fargo, Plaintiffs have suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional anguish, humiliation and embarrassment associated with the erroneous credit information.

**WHEREFORE**, Plaintiffs, Steven G. Genevish and Beverly H. Genevish, respectfully request judgment against Wells Fargo for damages, interest, costs, and such further relief as the Court deems just and proper.

## Count III
## Negligence

47.     Plaintiffs incorporate Paragraphs 1 though 36 as though fully set forth herein.

48.     This is an action against Wells Fargo for negligence.

8

49.    Wells Fargo had a duty under the Fair Debt Collection Practices Act to investigate the disputed account.

50.    A diligent and reasonable investigation by Wells Fargo to verify the account information which was disputed by the Plaintiffs would have revealed that the debt was ill.

51.    As a result of Wells Fargo's conduct, Plaintiffs have been damaged by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional anguish, humiliation and embarrassment.

**WHEREFORE,** Plaintiffs, Steven G. Genevish and Beverly H. Genevish, respectfully requests judgment against Wells Fargo for damages, interest, costs, and such further relief as the Court deems just and proper.

**Count IV**
**Violation of Fair Credit Reporting Act**

52.    Plaintiffs incorporate Paragraphs 1 through 36 as though fully set forth herein.

53.    This is an action against TransUnion, Equifax and Experian for violation of the Fair Credit Reporting Act.

54.    Said Defendants violated the Fair Credit Reporting Act by failing to fully and properly investigate the Plaintiffs' dispute regarding the disputed accounts; by failing to review all relevant information regarding same, by failing to provide Plaintiffs with copies of documents relied upon in making their determinations upon investigation and reinvestigation and by failing to accurately report the account information on Plaintiff's credit reports.

55.    A reasonable investigation based on the documentation provided to the three credit bureaus by Plaintiffs should have resulted in the account information being reported as no late payments or deficiencies and no write offs.

WHEREFORE, Plaintiffs, Steven G. Genevish and Beverly H Genevish, request judgment against Wells Fargo for the following due to its violations of the Fair Credit Reporting Act:

(a)     Statutory damages;

(b)     Actual damages,

(c)     Punitive damages;

(d)     Attorneys' fees and costs,

(e)     Deletion of the incorrect account information from the credit reports, and

(e)     Any further relief that this Court deems just and proper.

Dated: January 16, 2013.

Respectfully submitted,

PETER J. MUCHUNAS
Florida Bar No. 0064403
Primary Email: peter@mcintyrefirm.com
Secondary Email: amanda@mcintyrefirm.com
McINTYRE, PANZARELLA, THANASIDES,
    BRINGGOLD & TODD, P.L.
6943 E. Fowler Avenue
Temple Terrace, Florida 33617
(813) 899-6059
(813) 899-6069 (Facsimile)
Attorneys for Plaintiffs