UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN G. GENEVISH and BEVERLY
H. GENEVISH,

    Plaintiffs,
v.                               Case No. 8:13-cv-402-T-33AEP

WELLS FARGO BANK, N.A., ET AL.,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Complaint with Prejudice (Doc. # 25), which was filed on March 12, 2013. Plaintiffs failed to file a response in opposition to the Motion within the time allotted in the Local Rules of this Court. Accordingly, the Court grants the Motion as an unopposed Motion.

**I. Background**

Plaintiffs' real property in Atlanta, Georgia was subject to a short sale in August 2010. In connection with that sale and the effect it had on their credit, Plaintiffs filed a Complaint in state court on January 16, 2013, containing the following counts: (Count One) for violation of the Fair Credit Reporting Act against Wells Fargo; (Count Two) for defamation against Wells Fargo; (Count Three) for negligence against

Wells Fargo; and (Count Four) for violation of the Fair Credit Reporting Act against Transunion, LLC, Equifax, Inc., and Experian Information Solutions, Inc. (Doc. # 2).

Defendants removed the action to this Court on February 12, 2013. (Doc. # 1). Transunion, Equifax, and Experian each filed an Answer to the Complaint. (Doc. ## 10, 13, 16). Wells Fargo filed the instant Motion to Dismiss Counts One through Three with prejudice.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to

>     raise a right to relief above the speculative
>     level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

### III. Analysis

Wells Fargo has identified material deficiencies regarding Plaintiffs' Fair Credit Reporting Act claim asserted in Count One of the Complaint. Among other issues, Wells Fargo points out that "Plaintiffs have not alleged that the credit reporting agencies notified Wells Fargo of any dispute" as required by 15 U.S.C. § 1681s-2(b). (Doc. # 25 at 4). Wells Fargo also notes that "[e]ven if Plaintiffs had alleged formal notice from the credit reporting agencies, their allegations and attached exhibits show nothing more than Wells Fargo complied with the requirements of section 1681s-2(b) by investigating the disputed information." (Id. at 6). Furthermore, "proactive and continuous investigation is not indicative of any willful or negligent noncompliance with the

3

FCRA, which are required by the express language contained in 1681n and 1681o." (Id. at 6-7).

Wells Fargo also argues that Plaintiffs' defamation and negligence claims, asserted in Counts Two and Three, are preempted by the Fair Credit Reporting Act. Wells Fargo has supplied the Court with ample support for this argument. 15 U.S.C. § 1681h(e) states:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, . . . except as to false information furnished with malice or willful intent to injure such consumer.

Id.

A number of courts interpreting this provision have ruled that the FCRA preempts state negligence and defamation claims absent allegations of malice.[1] See, e.g., Lofton-Taylor v. Verizon Wireless, 262 F. App'x 999, 1002 (11th Cir. 2008)("because there is no evidence that [a statement about credit information] was made maliciously with intent to injure, [plaintiff's] state law defamation and invasion of privacy claims against [defendant] are precluded by § 1681h(e)

---

[1] The Complaint in this case does not allege that Wells Fargo acted with malice or intent to injure Plaintiffs.

4

of the Fair Credit Reporting Act"); Parks v. Experian Credit Bureau, No. 6:09-cv-1284-Orl-19DAB, 2010 U.S. Dist. LEXIS 9697, at *10 (M.D. Fla. Feb. 4, 2010)(holding that "the FCRA preempts state law claims of negligence in the absence of malice or willful intent to injure a consumer"); Jordan v. Equifax Info. Servs., LLC, 410 F. Supp. 2d 1349, 1355 (N.D. Ga. 2006)(finding that "[t]he FCRA preempts defamation and negligent reporting claims brought pursuant to state law unless the plaintiff can prove that the defendant acted with malice or with a willful intent to injure him"); Jackson v. Countrywide Home Loans, Inc., No. 2:11-cv-327-MEF, 2012 U.S. Dist. LEXIS 29994, at *16 (M.D. Ala. Mar. 7, 2012)(dismissing defamation claim with prejudice as preempted by the FCRA); Consumer Data Indus. Ass'n v. King, 678 F.3d 898, 901 (10th Cir. 2012)(holding that "[t]he FCRA leaves no room for overlapping state regulations"); Purcell v. Bank of Am., 659 F.3d 622, 624 (7th Cir. 2011)(finding that the FCRA preempted state law defamation and negligence claims asserted against a bank); MacPherson v. JP Morgan Chase Bank, 665 F.3d 45, 48 (2d Cir. 2011)(ruling that the FCRA preempted state common law claims, including a defamation claim, asserted against a bank).

Plaintiffs, who are represented by counsel, have had the

opportunity to respond to Wells Fargo's Motion to Dismiss. Plaintiffs failed to do so. The Court thus grants the Motion to Dismiss as an unopposed Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Complaint with Prejudice (Doc. # 25) is **GRANTED**. Counts One, Two, and Three of the Complaint are dismissed with prejudice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of April, 2013.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

6